IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAPHAEL O., | § | |
|    PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:19-CV-1405-B-BK |
| | § | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, ET AL., | § | |
| | § | |
|    RESPONDENTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition.

On July 5, 2019, Petitioner Raphael O., an alien detainee awaiting removal, filed an *Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*, seeking release on an order of supervision pending his removal to Liberia. Doc. 6 at 9-10, 12. In its *Response in Opposition,* Respondent advises that a travel document was issued and Raphael was scheduled to be removed in October 2019. Doc. 15 at 2. Although his flight was purportedly canceled, Doc. 17 at 1, a review of the Immigration and Customs Enforcement ("ICE") Online Detainee Locator System confirms that Raphael is no longer in ICE custody.[1] The Court must therefore examine

---

[1] The Online Detainee Locator is available at https://locator.ice.gov/odls/ (last accessed on January 9, 2020).

1

*sua sponte* whether the issue presented in the habeas petition is now moot. *See* FED. R. CIV. P. 12(h)(3).

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

Here, the federal habeas petition only sought Raphael's release from custody on an order of supervision. Because Raphael is no longer in ICE custody, his sole ground for relief is now moot and this Court lacks jurisdiction to consider his petition. Therefore, the petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction as moot.

**SO RECOMMENDED** on February 21, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).